17-4071
Jiang v. Barr

BIA
A200 939 375

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>AMENDED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty.

PRESENT:
        JON O. NEWMAN,
        JOHN M. WALKER, JR.,
           *Circuit Judges.*[1]
_____

WEI HUA JIANG,
      *Petitioner,*

      v.                       **17-4071**

                              **NAC**

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*
_____

FOR PETITIONER:       Gary J. Yerman, New York, NY.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Sara

[1] Judge Christopher F. Droney, who was originally assigned to the panel, retired from the Court, effective January 1, 2020, prior to the resolution of this case. The remaining two members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

J. Bayram, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Hua Jiang, a native and citizen of the People's Republic of China, seeks review of a December 4, 2017, decision of the BIA denying Jiang's motion to reopen his removal proceedings. *In re Wei Hua Jiang,* No. A 200 939 375 (B.I.A. Dec. 4, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion and the BIA's country conditions determination for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An alien seeking to reopen may file one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that

2

Jiang's motion to reopen filed in 2017 was untimely because it was filed more than four years after the 2012 final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This time limitation is excused if the motion is filed in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Substantial evidence supports the agency's conclusion that Jiang's evidence was insufficient to establish a material change in conditions in his home province of Fujian.

The country conditions evidence reveals that the Chinese government's treatment of Christians has remained consistent since Jiang's 2011 hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions

3

submitted with the motion to those that existed at the time of the merits hearing below."). The United States has designated China as a "Country of Particular Concern" under the Religious Freedom Act since 1999. The record demonstrates that since at least 2011, Christians attending unauthorized churches in certain areas in China have faced repression.

As evidence that conditions have worsened, Jiang cites 2016 reports for the proposition that "the Chinese government has a strong will to promote 'Sinicization' of house churches and religious activities." This statement, however, does not demonstrate an increase in persecution because it does not connect the new policy to incidents of harm amounting to persecution or changed treatment of Christian worshippers. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (requiring *material* change in conditions); *In re S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type.").

Moreover, even though the Chinese government announced a Sinicization policy, and even if the persecution of Christians increased in some areas of China, Jiang's evidence

did not show an increase in persecution in his home province, Fujian. When conditions vary throughout a country, an applicant is required to show a material change in conditions in his area. *See Jian Hui Shao,* 546 F.3d at 170 (reasoning that, when policies "vary widely from one area of the country to another . . . . it is appropriate to review the evidence to determine, first, what policy applies to the circumstances at issue and, second, whether local officials would be inclined to view the petitioner's actions as a violation of that policy"). However, the only new evidence that Jiang cites regarding persecution of Christians in Fujian Province describes demolitions of unregistered churches. Given his 2011 evidence that the Chinese government pressured unregistered churches to affiliate with patriotic religious associations, Jiang's new evidence demonstrates not an increase in subjugation of Christian groups but rather a continuation of a decades-long government effort to control religious doctrine, repress unsanctioned religious groups, and crack down on religious growth. *See In re S-Y-G-*, 24 I. & N. Dec. at 257.

Therefore, because the agency reasonably concluded that Jiang's evidence failed to demonstrate a material change in conditions as needed to excuse the untimely filing of his motion, the agency did not abuse its discretion in denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C). Because this finding is dispositive, we do not reach the agency's alternative finding that Jiang failed to establish his prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
